## STATE v. JACKSON.

Under Laws 1903, p. 88, c. 79, § 26, providing that every officer, agent, or clerk of any bank, who makes any false statements or entries in its books, or subscribes or exhibits any false paper, with the intent to deceive any person authorized to examine as to the condition of such institution, or subscribes or makes false reports, shall be subject to imprisonment, etc., while the prosecution is not obliged to show what particular motive prompted the accused to make the report made by him to the bank examiner, proof of its intentional falsity is essential to conviction.

CORSON, J., dissenting.

(Opinion filed, December 30, 1905.)

Error to Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Carl Jackson was convicted of subscribing and making a false report to the bank examiner, in violation of Laws 1903, p. 81, c. 79, and brings error. Reversed.

C. G. Sherwood and C. X. Seward, for plaintiff in error. Philo Hall, Atty. Gen. (Aubrey Lawrence, of counsel), for the State.

FULLER, P. J. As charged in the information, plaintiff in error was found guilty of the crime of subscribing and making a false report to the bank examiner, in violation of chapter 79, p. 81, Laws

1903. As this statute has been carefully considered and declared valid, so far as the same affects this case, the constitutional questions discussed by counsel require no further attention. State v. Struble, 19 S. D. 646, 104 N. W. 465. Section 26 of the act provides that "Every officer, agent or clerk of any banking institution under this title who subscribes or makes any false statements or entries in the books of such institution or subscribes or exhibits any false paper with the intent to deceive any person authorized to examine as to the condition of such banking institution, or subscribes or makes false reports, shall be subject to imprisonment at hard labor in the state penitentiary, for such term, not less than one (1) year or more than ten (10) years, as the court trying him may designate."

Insanity seems to have been the only defense, and the court instructed the jury in part as follows: "It is sufficient to call your attention to the statute, and to the fact that * * * this is not a case wherein the existence of any particular motive, purpose, or intent is a necessary element to constitute any particular species or degree of crime. * * * There is no question but that the accused subscribed and made the report to the ex-officio superintendent of banks. He admits that. There is no question but that the report is not correct. His attorney, Mr. Sherwood, admitted that in his statement to you, while his other attorney in his argument admitted its falsity. Incorrect and false are not necessarily the same words, and it will be for you to say under these instructions, upon all the evidence, whether it is false or not. If you find that it was false, then you necessarily find that the accused committed the act charged against him, and will need to consider all the evidence in the case under these instructions as determining whether or no the accused was sane or insane, conscious or unconscious, at the time he committed the act." While the prosecution is not obliged to show what particular motive prompted the accused to make such a report as he placed in the hands of the bank examiner, proof of its intentional falsity seems essential to a conviction, and it was erroneous to instruct the jury to the effect that criminal intent or a purpose to deceive is not a necessary element of the offense. We are forced to this conclusion, because the jury might reasonably infer from the

instructions given that wrongful intent is not an ingredient of the crime charged in the information, and such appears to have been the theory of the learned circuit court. It is evident that the phrase "with intent to deceive" applies to every act penalized by the statute and the adjective "false," used to modify the word "reports," certainly implies criminal turpitude. As the examiner may lawfully call for information which can be furnished only by an experienced and accurate accountant familiar with all the details of the banking business, neither the Legislature nor public justice have decreed a term in the penitentiary for the person who, in ignorance of the facts, makes an honest mistake.

The judgment of the court below is reversed, and a new trial ordered.

CORSON, J., dissents.